

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7256
Washington, DC 20530

Tel: (202) 514-7823

January 13, 2023

VIA CM/ECF

Mark Langer
Clerk of the Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, D.C. 20001

RE:　　*Guedes v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, No. 21-5045 (D.C. Cir.)

Dear Mr. Langer:

　　We write to respond to plaintiffs' letter under Federal Rule of Appellate Procedure 28(j) regarding the Fifth Circuit's recent en banc decision in *Cargill v. Garland*, No. 20-51016. Plaintiffs' letter relies extensively on portions of Judge Elrod's opinion stating that bump stocks do not fall within the scope of the statutory definition of "machinegun," treating those portions of the opinion as reflecting holdings. *See* 28(j) Ltr. at 1 (citing Op. 20, 23-24). We note, however, that those portions of Judge Elrod's opinion did not garner a majority of the en banc court; only eight of the court's sixteen judges would have held that "federal law unambiguously fails to cover non-mechanical bump stocks"; the remaining five judges who concurred in the judgment either did not join Judge Elrod's opinion or joined only Section V, which addresses the rule of lenity. Op. 2 n.*; *see* Op. 49 n.1, 50 n.2 (Ho, J., concurring in part and concurring in the judgment) (discussing the textual analysis offered by the "plurality").

　　The Fifth Circuit's only holding was thus the conclusion that the statutory definition is ambiguous as applied to bump stocks, and that the rule of lenity therefore counsels a narrower interpretation. Op. 2 n.*; Op. 34-38; Op. 42 (Haynes, J., concurring in the judgment); Op. 43-54 (Ho, J., concurring in part and concurring in the judgment). That conclusion is mistaken for the reasons explained in the panel opinion in this case. Neither the portions of Judge Elrod's opinion

addressing the statutory text nor the concurring opinions rebut the reasoning offered by the panel in this case—indeed, the members of the Fifth Circuit majority do not even cite the panel's opinion here.

                                                            Sincerely,

                                                            *s/ Brad Hinshelwood*
                                                            Brad Hinshelwood

cc:      Counsel of Record (via CM/ECF)